## W. A. Dillard et al. *v.* Jno. G. Hunt et al.

**Homestead—Rights of Children.**

> After the death of the father and mother, their infant children are entitled to the homestead occupied by their parents, or to a thousand dollars out of the proceeds thereof.

**Homestead—Sale.**

> A homestead belonging to infant children should not be sold at the instance of the father's creditors, unless the property could be sold for a price exceeding a thousand dollars.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

March 27, 1874.

Opinion by Judge Pryor:

Dillon, the father of the appellants, owned and occupied the house and lot in controversy at the time of his death. His widow and infant children continued to occupy it as a homestead until the mother's death, when two of the children were placed in an orphan asylum and the third is now living with some relatives. The creditors of Dillard instituted this proceeding in equity to subject this property, the house and lot, to the payment of their debts; and the

40

children, being made defendants to the action, insisted upon their right to the homestead, or its value, under the provisions of the act of February, 1866, entitled "An act to exempt homesteads from sale for debt." The chancellor disregarded their claim and adjudged the whole property liable to the claims of the creditors.

The provisions of this act apply to actual bona fide housekeepers with a family, and no one else is entitled to the exemption. Dillard being a housekeeper with a wife and three children, and occupying, in fact, the premises in controversy, there can be no pretense for denying his right to this homestead exemption. This fact being conceded, the fourth section of the act provides "that this exemption shall continue after the death of the defendant for the benefit of his widow and children," thus placing their portion of the debtor's estate, by operation of the statute, beyond the reach of creditors. The husband and father in his lifetime could have sold the homestead, and with the proceeds purchased another to be held in the same way; and the statute especially provides that when the property is indivisible, and the chancellor is compelled to sell the whole of it, one thousand dollars of the proceeds shall be paid over to the defendant to enable him to purchase another homestead. It is true, the defendant may forfeit his right to the exemption by removing from the premises, or if the homestead is sold, by investing the $1,000 paid him, in other property subject to execution, and intended as a homestead; but so long as he remains upon the premises, or when sold, shall invest his $1,000 in another home, the right to the exemption continues.

The widow and children may also deprive themselves of their right by disposing of it; or when the $1,000 is paid over to them it may be liable for their own debt, but not the debts of the father, for the reason that this right, or its value, belongs to them, and not to the estate. The object of the exemption is to afford the wife and children, as well as the husband and father, the means of support; and to deny them their right would be subverting the very object and purpose the legislature had in view when enacting the statutes. The debtor, although a housekeeper, if he has no family, is not embraced by the provisions of the act, showing clearly the intention of the legislature to extend its beneficial provisions to the widow and children who are necessarily dependent upon the head of the family for support and maintenance. Nor is this intention to be arrived at by mere reference; the language of the act

is "that the exemption (after the death of the defendant) shall continue for the benefit of the widow and children." These children are infants with no other estate, and are now supported by one of the charitable institutions of the city in which this property is located; and we perceive no reason for withholding this right from them. The chancellor, in ordering a sale of the property, should have directed one thousand dollars of the purchase money to be paid to the statutory guardian of the infants, and also direct his commissioner to make no sale unless the property, when offered, should bring exceeding that amount.

This opinion and mandate is not intended to affect any claim or debt created prior to the passage of the homestead law, as there is no exemption of the realty from the payment of such liabilities.

The judgment of the court below is reversed and cause remanded for further proceedings consistent herewith.

*Fleming, Mix, for appellants.*

*Seymour & Abbott, for appellees.*